**JUDGE DAVID BRIONES**

FILED

IN THE UNITED STATES DISTRICT COURT

2009 JUL -7 PM 2: 24

FOR THE WESTERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

BY_____
DEPUTY

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, d/b/a GE COMMERCIAL EQUIPMENT FINANCE, INC., | § § § § |  |
| Plaintiff, | § § | |
| v. | § § | Cause No. |
| SWEET VENTURES, LLC, d/b/a WARNER CANDY COMPANY, HYDE & HYDE, INC., TIMOTHY HYDE, SUNRISE CANDY, LLC, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Plaintiff General Electric Capital Corporation, d/b/a GE Commercial Equipment Finance, Inc. ("GECEF"), by and through its undersigned counsel, and for its Original Complaint against Sweet Ventures, LLC, d/b/a Warner Candy Company ("Sweet Ventures"), Hyde & Hyde, Inc. ("Hyde"), Timothy Hyde ("T. Hyde") and Sunrise Candy, LLC ("Sunrise") (collectively referred to as "Defendants"), states as follows:

4872112

## PARTIES

1. GECEF is a Delaware corporation authorized to do business in the state of Maryland, with its principal place of business in the state of Connecticut. GECEF is a citizen of the states of Delaware and Connecticut.

2. Sweet Ventures is an Illinois limited liability company with its principal place of business at 150 Harvester Drive, Suite 100, Burr Ridge, Illinois 60527. Sweet Ventures is a citizen of the state of Illinois located within the Northern District of Illinois. Sweet Ventures may be served with process by serving its Registered Agent Gary I. Levenstein, 3500 Three First National Plaza, Chicago, Illinois 60602.

3. Hyde is a California corporation with its principal place of business at 300 El Sobrante Road, Corona, CA 92879. Hyde is a citizen of the state of California. Hyde may be served with process by serving its Registered Agent Tim Hyde, 300 El Sobrante Road Corona, California 92879.

4. At all relevant times, T. Hyde was, and is, an individual residing at 7471 East Mill Stream Circle, Anaheim, CA 92808. T. Hyde is a citizen of the state of California. T. Hyde may be served with process by serving T. Hyde, 7471 East Mill Stream Circle, Anaheim, California 92808.

5. Sunrise is a Nevada limited liability company with its principal place of business at 1800 Northwestern Drive, El Paso, Texas 79912. Sunrise is a citizen of the states of Nevada and Texas. Sunrise may be served by serving its Registered Agent, Hector Delgado, at his home office located at 1112 Montana Avenue El Paso, Texas 79902 or wherever he may be found.

4872112                                        - 2 -

## JURISDICTION AND VENUE

6.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.    Pursuant to 28 U.S.C. § 1391(a), venue is proper in this Court because: (a) a substantial part of the events or omissions giving rise to GECEF's claim occurred in this judicial district; and/or (b) one or more Defendants is subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Hyde Lease Agreement

8.    On or about August 21, 2002, GECEF and Hyde entered into a Master Lease Agreement ("Agreement") whereby GECEF agreed to lease to Hyde equipment described in supplements to be executed pursuant to the Agreement.    A true and accurate copy of the Agreement is attached hereto and incorporated herein by reference as **Exhibit 1**.

9.    On or about December 30, 2002, GECEF and Hyde entered into Schedule 1 to the Agreement for Lease Account Number 4136152-002 ("Schedule 1").  By the terms of Schedule 1, GECEF agreed to lease to Hyde and Hyde agreed to lease from GECEF certain food processing equipment further identified by serial number on Schedule 1, Annex A.

10.    By the terms of Schedule 1, Hyde agreed to pay GECEF monthly payments of $11,799.07 for 72 months commencing on January 1, 2003.

11.    A true and accurate copy of Schedule 1, along with its attachments and exhibits, are attached hereto as **Exhibit 2** and incorporated by reference as if set forth fully herein. Schedule 1 is duly executed by all of the parties thereto.

12.    On or about March 5, 2003, GECEF and Hyde entered into Schedule 2 to the Agreement for Lease Account Number 4136152-005 ("Schedule 2"). By the terms of Schedule 2, GECEF agreed to lease to Hyde and Hyde agreed to lease from GECEF certain food processing equipment further identified by serial number on Schedule 2, Annex A.

13.    By the terms of Schedule 2, Hyde agreed to pay GECEF monthly payments of $925.08 for 72 months per piece of equipment commencing on March 5, 2003.

14.    A true and accurate copy of Schedule 2, along with its attachments and exhibits, are attached hereto as **Exhibit 3** and incorporated by reference as if set forth fully herein. Schedule 2 is duly executed by all of the parties thereto.

15.    The food processing equipment, more fully identified on Annex A to Schedule 1 and Schedule 2, is collectively referred to herein as the "Equipment".

### Terms of the Lease Agreements

16.    Section 19(b) of the Agreement provides that "[t]he Equipment shall remain [GECEF's] property unless [Hyde] purchases the Equipment from [GECEF] and until such time [Hyde] shall only have the right to use the Equipment as a lessee." Agreement at § 19(b), Ex. 1 at 7.

17.    Under the terms of the Agreement, Hyde is in default upon the occurrence of any one or more of the following events: (i) a breach of its obligations to pay rent or any other sum when due and a failure to cure that breach within ten (10) days; (ii) a breach of any of its

4872112

insurance obligations under Section 9; and/or (iii) a breach of any of its other obligations and a failure to cure that breach within thirty (30) days after written notice from GECEF.  Agreement at § 11(a), Ex. 1 at 4.

18.    Upon the occurrence and during the continuation of any event of default, GECEF is entitled to all rights and remedies provided by applicable law.  Agreement at § 11(b), Ex. 1 at 4.

19.    In addition to the rights and remedies provided by applicable law, GECEF may, at its option, declare Hyde to be in default of the Agreement and may exercise one or more of the following remedies: (a) peacefully enter any premises where any Equipment may be and take possession of the Equipment; (b) declare immediately due and payable as liquidated damages for the loss of a bargain and not as a penalty, any amount equal to the Stipulated Loss Value of the Equipment (calculated as of the rent payment date prior to the declaration of default), and all rents and other sums then due under the Agreement and all Schedules; (c) terminate the Agreement; (d) sell the Equipment at private or public sale, in bulk or in parcels, with or without notice, and without having the Equipment present at the place of sale; (e) lease, dispose of, or keep idle all or part of the Equipment; and/or (f) use Hyde's premises for a reasonable period of time for any purpose stated above without liability, rent, costs, damages or otherwise.  Id.

20.    Section 11(c) of the Agreement further provides that "Lessee shall pay Lessor's actual attorney's fees incurred in connection with the enforcement, assertion, defense or preservation of Lessor's rights and remedies under this Agreement."  Agreement at § 11(c), Ex. 1 at 4.

4872112                                              - 5 -

21. Section 12 of the Agreement states that "[Hyde] shall not sell, transfer, assign, encumber or sublet any Equipment or the interest of [GECEF] in the Equipment without the prior written consent of [GECEF]." Agreement at § 12, Ex. 1 at 4.

### The Guaranty

22. On or about August 21, 2002, T. Hyde executed the Guaranty, a true and accurate copy of the Guaranty is attached hereto as **Exhibit 4** and incorporated by reference as if set forth fully herein.

23. Through the Guaranty, T. Hyde absolutely and unconditionally guarantied to GECEF the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description that Hyde may now or in the future owe to GECEF whether absolute or contingent or primary or secondary.

### Transfer and Assumption Agreement

24. On or about June 17, 2005, Hyde transferred its interest in the Agreement (Schedule 1, GE Capital Account No. 4136152-003, dated December 30, 2002, and Schedule 2, Capital Account No. 4136152-005, dated March 5, 2003) to Sweet Ventures. See Transfer and Assumption Agreement, attached hereto and incorporated herein as **Exhibit 5.**

25. GECEF is and was at all relevant times the legal owner, holder of, and party to the Agreement regarding the Equipment. See Exs. 1 and 5.

26. Under the terms of the Transfer and Assumption Agreement, GECEF agreed to the transfer of the Equipment from Hyde to Sweet Ventures and Sweet Ventures agreed that the Equipment would be covered under the terms of the Agreement and its schedules.

4872112

27. Sweet Ventures agreed to pay GECEF monthly payments of $11,799.07 for 42 months commencing on July 1, 2005, per Schedule 1 of the Transfer and Assumption Agreement.

28. Sweet Ventures agreed to pay GECEF monthly payments of $925.08 for 45 months commencing on July 5, 2005, per Schedule 2 of the Transfer and Assumption Agreement.

29. Under the terms of the of the Transfer and Assumption Agreement, "upon default in the payment of any amount due under, or in the performance of any provision of, the Contract, the Stipulated Loss Value set forth in the Contract, and all other amounts then due, may, at the option of GE Capital (and in addition to any other remedies available to GE Capital thereunder), become immediately due and payable." Transfer and Assumption Agreement, Ex. 5 at 2.

30. The Transfer and Assumption Agreement obligates Sweet Ventures to "perform all of the duties and obligations of Transferor under the Contract and pay the installments remaining unpaid as above state to GE Capital, its successors and assigns." Id.

31. Sweet Ventures also "unconditionally assumes, becomes a party to and agrees to perform and pay the Contract as though [Sweet Ventures] were to all intents and purposes the lessee named in the Contract." Id.

32. Despite Sweet Ventures' status as a Transferee under the Transfer and Assumption Agreement, Hyde and T. Hyde are "in no way released from the Contract, but shall remain and continue fully liable thereon until the full performance and payment thereof, notwithstanding any agreements, arrangements, releases , compromises or novations whatsoever

4872112                                    - 7 -

which may be made by GE Capital with [Sweet Ventures] or any other party concerning the Contract, Property or this Agreement." Id.

### Defaults and GECEF's Demands for Payment

33.    GECEF has performed all conditions, covenants, and promises as required by the terms and conditions of the Agreement, the Transfer and Assumption Agreement, and the Guaranty (collectively, the "Agreements").

34.    Hyde has defaulted on its obligations pursuant to the express terms of the Agreements by failing to tender to GECEF the required payments under the Agreements as they became due and payable.

35.    By letter dated December 17, 2008, GECEF declared Defendants to be in default under the Agreements and demanded immediate payment of the past due payment amount of $39,150.67, a copy which is attached hereto as **Exhibit 6** and incorporated by reference as if set forth fully herein.

36.    On April 2, 2009, counsel for GECEF sent an additional letter to Defendants, declaring default, accelerating all amounts due and owing under the Lease Agreements and demanding immediate possession of the Equipment.  A true and accurate copy of the April 2, 2009 letter is attached hereto as **Exhibit 7** and incorporated by reference as if set forth fully herein.

37.    On April 6, 2009, counsel for GECEF received a letter from Brian J. Flanagan indicating that on May 17, 2007 the assets and liabilities of Sweet Ventures and Blueberry Sales, LLP were merged to form a new entity of Simply Goodies, LLP.

38. Mr. Flanagan informed counsel for Plaintiff that on September 10, 2008, the lender of Simply Goodies, Bridge Finance Group, foreclosed on the stock interest Sweet Ventures had in Simply Goodies.

39. Sweet Ventures was left with no assets and was subsequently dissolved. A true and accurate copy of the Mr. Flanagan's letter is attached hereto as **Exhibit 8** and incorporated by reference as if set forth fully herein

40. Upon information and belief, Sunrise purchased the assets from the foreclosing lender of Simply Goodies, LLC, including the Equipment that GECEF rightfully owns. A true and accurate copy of an article regarding the asset purchase is attached hereto as **Exhibit 9** and incorporated by reference as if set forth fully herein

41. Section 12 of the Agreement clearly prohibits an assignment of the Equipment or GECEF's interest in the Equipment without GECEF's prior consent. See Agreement at §12, Ex. 1 at 4. Therefore, the transfer of assets to Simply Goodies, LLC and then to Sunrise, resulted in an additional default under the Agreement.

42. Despite demands, Defendants have not, and refuse to, pay the entire outstanding balance owed to GECEF under the Agreements or return the Equipment to GECEF.

43. As of May 20, 2009, Defendants each owe GECEF $263,833.63 plus interest, which is calculated by the GECEF's capitalized cost of each unit multiplied by the Stipulated Loss Value (the appropriate percentage derived from each schedule under the Agreement).

44. As a result of Defendants' actions, GECEF hired counsel to represent it in the repossession of its Equipment from Sunrise and the collection of the debt from the Defendants.

GECEF has incurred attorneys fees and expenses related to such collection efforts, including, but not limited, to continuing fees and costs incurred by prosecution of this legal action.

45.   Under the terms of the Agreement, GECEF is entitled to recovery of its attorneys fees, costs and expenses.  Agreement at § 11(c), Ex. 1 at 4.

## COUNT I
### (Breach of Contract – Asserted Against Defendant Sweet Ventures)

46.   GECEF realleges and incorporates by reference the foregoing paragraphs of its Complaint, as if fully set forth herein.

47.   The Agreements are valid and binding contracts, enforceable against Sweet Ventures in accordance with their terms.

48.   Sweet Ventures failed to make required payments to GECEF, in breach of the Agreements.

49.   Because of the aforementioned actions and inactions, Sweet Ventures has failed to perform the obligations to which it agreed and is therefore in breach of the Agreements.

50.   GECEF demanded payment by Sweet Ventures of the accelerated balances owed under the Agreements and return of the Equipment.

51.   Sweet Ventures failed to pay the balances due and owing and failed to return the Equipment.

52.   All conditions precedent to Sweet Ventures' performance in making payment under the Agreements have been satisfied by GECEF.

53.   Sweet Ventures continues to be in breach of the Agreements.

54. As a result of Sweet Ventures' breaches, GECEF has sustained damage in the aggregate amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63).

55. Sweet Ventures additionally owes GECEF interest, costs of collection, and attorneys fees, which damages continue to accrue.

**WHEREFORE**, GECEF respectfully requests that this Court enter judgment in favor of GECEF and against Sweet Ventures granting the following relief:

a. damages in the amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) plus interest;

b. GECEF's expenses, attorneys fees, and other costs of collection; and

c. such other and further relief as this Court deems just and proper.

## COUNT II
### (Action on Account – Asserted Against Defendant Sweet Ventures)

56. GECEF realleges and incorporates by reference the foregoing paragraphs of its Complaint, as if fully set forth herein.

57. At relevant times, Sweet Ventures had an account with GECEF.

58. At Sweet Ventures' requests, GECEF leased the Equipment to Sweet Ventures on said account.

59. Sweet Ventures failed to pay GECEF for the Equipment on said account.

60. As of March 25, 2009, Sweet Ventures owed GECEF the sum of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63), plus interest and costs and expenses that remain unpaid, on said account.

61. GECEF's costs and expenses are reasonable.

62. Sweet Ventures, furthermore, agreed to pay these costs and expenses on its account.

63. Sweet Ventures, however, has refused to make payment despite the demand made by GECEF upon Sweet Ventures for such payments.

64. In total, Sweet Ventures owes GECEF no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) on said account, plus interest, repossession and resale expenses and attorneys fees also owed to GECEF by Sweet Ventures.

**WHEREFORE**, GECEF respectfully requests that this Court enter judgment in favor of GECEF and against Sweet Ventures granting the following relief:

a. Damages in the amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) plus interest;

b. its expenses, attorneys fees, and other costs of collection; and

c. such other and further relief as this Court deems just and proper.

## COUNT III
### (Breach of Contract - Asserted Against Defendant Hyde)

65. GECEF realleges and incorporates by reference the foregoing paragraphs of its Complaint, as if fully set forth herein.

66. The Agreements are valid and binding contracts, enforceable against Hyde in accordance with their terms.

67. Hyde failed to make required payments to GECEF, in breach of the Agreements.

68. Because of the aforementioned actions and inactions, Hyde has failed to perform the obligations to which it agreed and is therefore in breach of the Agreements.

4872112                                            - 12 -

69.    GECEF has made demand upon Hyde for payment of the accelerated balances owed under the Agreements, but Hyde has failed to pay the balances.

70.    All conditions precedent to Hyde's performance in making payment under the Agreements have been satisfied by GECEF.

71.    Hyde continues in breach of the Agreements.

72.    As a result of Hyde's breaches, GECEF has sustained damage in the aggregate amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) plus interest.

73.    Hyde additionally owes GECEF costs of collection and attorneys fees, which damages continue to accrue.

**WHEREFORE**, GECEF respectfully requests that this Court enter judgment in favor of GECEF and against Hyde granting the following relief:

a.    damages in the amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) plus interest;

b.    its expenses, attorneys fees, and other costs of collection; and

c.    such other and further relief as this Court deems just and proper.

## COUNT IV
### (Action on Account - Asserted Against Defendant Hyde)

74.    GECEF realleges and incorporates by reference the foregoing paragraphs of its Complaint, as if fully set forth herein.

75.    At relevant times, Hyde had an account with GECEF.

76.    At Hyde's request, GECEF allowed the transfer and assumption of said accounts to Sweet Ventures.

4872112                                                   - 13 -

77.    Sweet Ventures failed to pay GECEF for the Equipment on said account.

78.    Pursuant to the Transfer Agreement, as of March 25, 2009, Hyde owed GECEF the sum of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63), plus interest and costs and expenses that remain unpaid on said account.

79.    GECEF's costs and expenses are reasonable.

80.    Hyde agreed to pay these costs and expenses on its account.

81.    Hyde refuses to make payment even though GECEF made demands upon Hyde for such payments.

82.    In total, Hyde owes GECEF no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) on said account, plus interest, repossession and resale expenses and attorneys fees also owed to GECEF.

**WHEREFORE**, GECEF respectfully requests that this Court enter judgment in favor of GECEF and against Hyde granting the following relief:

a.    Damages in the amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) plus interest;

b.    its expenses, attorneys fees, and other costs of collection; and

c.    such other and further relief as this Court deems just and proper.

## COUNT V
### (Breach of Contract – Asserted Against Defendant T. Hyde)

83.    GECEF realleges and incorporates by reference the foregoing paragraphs of its Complaint, as if fully set forth herein.

84. The Guaranty is valid, binding, and enforceable against T. Hyde in accordance with its terms.

85. GECEF relied on the Guaranty when providing leasing to Hyde and the transfer to Sweet Ventures in accordance with the Agreements.

86. The Guaranty requires T. Hyde to pay any indebtedness owed by Sweet Ventures and Hyde to GECEF if Sweet Ventures and/or Hyde should fail to promptly pay such indebtedness.

87. Despite repeated demands, Sweet Ventures and Hyde failed to pay the amounts owed to GECEF under the Agreements.

88. Said amounts are in the aggregate of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63), plus interest, costs of collection, and attorneys fees, which damages continue to accrue.

89. GECEF has incurred and continues to incur costs of collection, including without limitation, attorneys fees in attempting to enforce the obligations of Sweet Ventures and Hyde under the Agreements and in attempting to enforce the obligations of T. Hyde under the Guaranty.

90. Under the terms of the Agreements, including but not limited to, the Guaranty, T. Hyde is individually liable for all such fees incurred.

91. T. Hyde has refused to pay, and continues to refuse to pay, the amounts owed by Sweet Ventures and Hyde to GECEF despite demands from GECEF to T. Hyde to pay such sums.

92.     T. Hyde is in breach of his obligations under the Guaranty for failing to make payments required thereunder when requested by GECEF.

**WHEREFORE**, GECEF respectfully requests that this Court enter judgment in favor of GECEF and against T. Hyde, granting the following relief:

a.     damages in the amount of no less than Two Hundred Sixty-Three Thousand Eight Hundred Thirty-Three Dollars and Sixty-Three Cents ($263,833.63) plus interest;

b.     its expenses, attorneys fees, and other costs of collection; and

c.     such other and further relief as this Court deems just and proper.

Respectfully submitted,

MENDEL • BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas 79912
(915) 587-7878
(915) 587-8808 (Facsimile)

By: _____

THOMAS G. WICKER, JR.
State Bar No. 21419100
Attorneys for Plaintiff General Electric Capital Corporation

THOMPSON COBURN LLP
William R. Bay, IL Bar No. 6181670
Megan R. Dove, IL Bar No. 6279064
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
wbay@thompsoncoburn.com
mdove@thompsoncoburn.com

July 7, 2009

4872112

- 16 -